UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LATRICITA MICHELLE ALEXANDER,<br><br>                            Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                            Defendant. | Case No. 3:15-cv-05885-RBL<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Alexander's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her applications for disability insurance and supplemental security income benefits.

Alexander suffers from degenerative disc disease of the cervical spine, depression, anxiety, and post-traumatic stress disorder. *See* Dkt. 9, Administrative Record 19. She protectively filed applications for disability insurance and SSI benefits in February 2012, alleging she became disabled beginning in December 2011.[1] *See* AR 16. Those applications were denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before the ALJ in March 2014. *See id*. Alexander, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 35–68.

---

[1] Alexander previously filed applications for disability insurance and SSI benefits and had those claims denied in a decision by an administrative law judge in March 2011. *See* AR 16. Her February 2012 applications contained new evidence of an increase in the severity of her impairments, rebutting the presumption of continuing nondisability. *See id*.

ORDER - 1

Administrative Law Judge Robert Kingsley determined Alexander to be not disabled. *See* AR 16–29. The Appeals Council denied Alexander's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1–4; 20 C.F.R. §§ 404.981, 416.1481. In December 2015, Alexander filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Alexander argues the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits or for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating Alexander's credibility; (3) in assessing Alexander's residual functional capacity; and (4) in finding her to be capable of performing work available in the national economy. Specifically, Alexander argues the ALJ failed to give a sufficient reason to discount the opinion of evaluating psychologist Hillary Whitaker Clark, Psy.D. Alexander argues the error affected the ultimate disability determination and is therefore not harmless.

The Commissioner argues the ALJ did not err in evaluating Dr. Clark's opinion, the rest of the medical evidence, or Alexander's credibility, so the ALJ's RFC and step-five finding that Alexander could perform work were supported by substantial evidence and should be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court so long as the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards

were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

**I.    The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or evaluating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830.

Alexander argues the ALJ erred by giving little weight to the opinion of evaluating psychologist Clark. *See* Dkt. 19, pp. 3–5. Clark evaluated Alexander on February 14, 2012, diagnosing her with chronic PTSD and mood disorder, not otherwise specified. *See* AR 417-22. Clark opined Alexander has limited ability to maintain focus and attention on work activities, would have difficulty interacting with the public and may have communication problems with

ORDER - 4

co-workers and supervisors, has limited ability to learn or carry out tasks without errors, and is unlikely to be able to engage in full-time employment without interruption from either psychological or physical health symptoms. *See* AR 419. The ALJ gave Clark's opinion little weight because it was "not consistent with the level of mental health treatment sought by the claimant." AR 27.

However, according to the Ninth Circuit, that a claimant "may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of [that] claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). When a mental illness is involved, assuming that a failure to seek treatment suggests a lack of need for treatment can be illogical. This is in part because a person suffering from a mental illness may not realize that she needs her medication, or she may not even realize that her "condition reflects a potentially serious mental illness." *See id*. "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). When a person suffers from a mental illness, and that person does not have the requisite insight into her condition to seek or comply with treatment, this fact actually can indicate a greater severity of mental incapacity. *See Nguyen*, 100 F.3d at 1465; *see also Blankenship*, 874 F.2d at 1124. In addition, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7, 1996 SSR LEXIS at *4.

ORDER - 5

Here, in discounting Clark's opinion, the ALJ gave no indication he considered any explanations for Alexander's lack of treatment. *See* AR 26. The record contains a considerable amount of information that explains Alexander's lack of extensive treatment for her mental health issues. She was periodically in such poverty that it led to homelessness, which she specifically stated inhibited her from attending therapy sessions. *See* AR 432-35, 484, 650, 689. She described having unreliable transportation. *See* AR 722, 726, 739, 820. Alexander also explained that her mental impairments prevented her from attending therapy. *See* AR 739. That the ALJ gave no consideration to Alexander's financial and emotional barriers to obtaining more extensive treatment was in error. The ALJ therefore erred by providing no specific and legitimate reason supported by substantial evidence for discounting Clark's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). It "adhere[s] to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Courts "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

The ALJ's improper rejection of Clark's opinion affected the case's outcome. Had the ALJ fully credited Clark's opinion, the RFC could have included additional limitations. Instead, the ALJ posed hypothetical questions to the vocational expert based on an incomplete RFC. *See*

ORDER - 6

AR 64–68. Based on the vocational expert's answers to those questions, the ALJ found Alexander could perform work available in the national economy. *See* AR 27–28. As the ALJ's ultimate determination regarding disability was based on the testimony of a vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**II.      The ALJ's Assessment of Alexander's Residual Functional Capacity**

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 at *2. A claimant's RFC assessment is used at step four to determine whether he or she can do her past relevant work, and at step five to determine whether she can do other work. *See id.*

Residual functional capacity thus is what the claimant can still do despite her limitations. *See id.* It is the maximum amount of work that the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

ORDER - 7

However, because the ALJ in this case erred in evaluating Clark's opinion, the RFC assessed by the ALJ does not necessarily completely and accurately describe all of Alexander's capabilities. As a result, the ALJ erred here too.

### III. The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(d), (e), 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *see also Tackett*, 180 F.3d at 1100-1101.

Based on the testimony of a vocational expert, the ALJ in this case found Alexander capable of performing other work. *See* AR 27-28. Again, however, because the ALJ erred in evaluating Clark's opinion and thus in assessing Alexander's RFC, the hypothetical question presented at the hearing did not completely and accurately describe all of Alexander's capabilities. Therefore, the ALJ's step-five determination is not supported by substantial evidence and is in error.

### IV. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record

ORDER - 8

that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Issues remain regarding conflicts in the medical evidence, Alexander's functional capabilities, and her ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Remand for further consideration is warranted.

## CONCLUSION

The Court finds the ALJ improperly concluded Alexander is not disabled. Defendant's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings.

DATED this 30th day of June, 2016.

_____
Ronald B. Leighton (as auth/dn)
United States District Judge

ORDER - 9